

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-16-00063-CV

_____

IN THE INTEREST OF H.A.C., A CHILD

On Appeal from the 336th District Court
Fannin County, Texas
Trial Court No. FA-15-42340

Before Morriss, C.J., Moseley and Burgess, JJ.

O R D E R

On September 1, 2016, in a proceeding initiated by the Texas Department of Family and Protective Services (the Department), the trial court entered an order terminating the parent-child relationship between H.A.C.[1] and Father. Prior to trial, the trial court determined that Father was indigent and appointed Joe Moss to represent him at trial.

Paragraph 10.1 of the trial court's termination order states that "the child the subject of this suit will not continue in care."[2] As a result, the trial court relieved from duty (1) H.A.C.'s court-appointed attorney ad litem, (2) H.A.C.'s court-appointed guardian ad litem, (3) Mother's court-appointed counsel, and (4) Father's court-appointed counsel.

Father thereafter filed a pro se notice of appeal on September 15, 2016, complaining of the trial court's termination order. On the same date, Father filed a declaration of inability to pay costs based on his indigence, seeking the appointment of appellate counsel.

Section 107.013 of the Texas Family Code mandates the appointment of an attorney ad litem for an indigent parent in a suit filed by a governmental entity seeking termination of the parent-child relationship. TEX. FAM. CODE ANN. § 107.013 (West Supp. 2016). Further, Rule 20.1(a)(3) of the Texas Rules of Appellate Procedure provides that when a parent is found to be indigent by the trial court in a case brought by a governmental entity for the termination of the parent-child relationship, that parent is presumed to remain indigent in any subsequent appeal, as

---

[1] To protect the identity of the minor child who is the subject of this appeal, we use initials to refer to the child and refer to the child's parents as "Mother" and "Father," respectively. *See* TEX. R. APP. P. 9.8.

[2] Mother was appointed permanent managing conservator of H.A.C.

provided by Section 107.013 of the Texas Family Code.  TEX. R. APP. P. 20.1(a)(3).  Because the trial court determined prior to trial that Father was indigent, he is presumed to remain indigent for purposes of this appeal.  Accordingly, Father is entitled to be represented on appeal by appointed counsel.

Consequently, we abate this appeal to the trial court to appoint counsel to represent Father in this appeal.  The appointment shall be made within ten days of the date of this order.  The order appointing counsel shall be sent to this Court in the form of a supplemental clerk's record within ten days of the date of this order.

Because this case involves an appeal from the termination of Father's parental rights, this matter should be expedited at all levels.  Appointed counsel should be prepared to pursue the appeal without further delay.

All appellate timetables are stayed and will resume on our receipt of the supplemental clerk's record containing the trial court's order appointing appellate counsel for Father.

IT IS SO ORDERED.


BY THE COURT

Date:   October 4, 2016